**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BENJAMIN WAYLAND DEGRISE, | 3:09-CV-00153-RCJ-(VPC) |
| Plaintiff, | |
| v. | **ORDER** |
| KATHY MASSENGALE, TRAVELCENTERS OF AMERICA, and NEVADA DEPARTMENT OF EMPLOYMENT "DETR," | |
| Defendants. | |

Plaintiff Benjamin Wayland deGrise, ("Plaintiff"), acting pro se, filed the present lawsuit against Defendants Kathy Massengale, Travelcenters of America, ("Travelcenters"),[1] and Nevada Department of Employment "DETR." Presently before the Court is Massengale and Travelcenters' Motion to Dismiss (#9). Plaintiff initially alleged he did not receive a copy of the motion and thus could not respond. (Pl.'s Resp. (#12)). Plaintiff later filed a summary opposition. (Pl.'s Opp'n (#19)). Massengale and Travelcenters replied (#20). The Court held a hearing on April 16, 2010. The Court now issues the following order. IT IS HEREBY ORDERED that Massengale and Travelcenters' Motion to Dismiss (#9) is GRANTED.

**I. BACKGROUND**

Plaintiff was employed by Travelcenters. After working there for eight months, Massengale became his new manager. He alleges that she was incompetent and that he tried

---

[1] Travelcenters asserts that its correct entity name is "TA Operating LLC."

1

to transfer to a new position. He apparently gave two weeks notice of his intent to resign under the belief that he would be rehired in a new position. But, after he gave his two weeks notice, his manager dismissed him without offering to rehire him in a new position. He alleges that he had never been written-up for any misconduct.

Plaintiff then applied for unemployment benefits with the Nevada Department of Employment. He alleges that Massengale and others from Travelcenters lied in the unemployment hearing. Specifically, he alleges Massegnale told Nevada Department of Employment that he had said he "wouldn't work for a F'n woman." Plaintiff alleges he does not use profanity and his past two supervisors at different employers were women. He also alleges that others from Travelcenters concurred with Massengale's testimony despite the fact that they were not present when the events Massengale described occurred. The Nevada Department of Employment denied his claim. He appealed three times and was denied each time.

Plaintiff, acting pro se, filed a complaint in this Court against Kathy Massengale, Travelcenters of America, and Nevada Department of Employment "DETR" on July 15, 2009. (Compl. (#5)). Plaintiff's complaint is difficult to comprehend. Massengale and Travelcenters contend that Plaintiff alleges a § 1983 claim for violations of his right to due process and state-law claims for fraud and defamation (slander and libel). In his response, Plaintiff asserts claims for "Defamation, Slander, Negligence per se, Malice wanton, and wilful' [sic]."[2]

## II. LEGAL STANDARD

A court must dismiss a cause of action that fails to state a claim upon which relief can be granted. Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss under Rule

---

[2] In his complaint, Plaintiff also mentions claims for "abuse of process," "assumption," and violations of his "right to be heard by Travelcenters of America." There is no cause of action for assumption and there is no right to be heard by Travelcenters. Plaintiff's allegations cannot establish a claim for abuse of process. Abuse of process requires a showing of (1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. *Childs v. Selznick*, Nos. 49342, 51919, 2009 WL 3189335, at *1 (Nev. Sept. 28, 2009) (unpublished table decision). Plaintiff complains only about Messangale and Travelcenters' alleged lies in testimony submitted to the Nevada Department of Employment. He does not allege that Messangale and Travelcenters used or initiated any legal process against him. In fact, it appears Plaintiff initiated process in this case.

2

12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "'[D]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rouse v. U.S. Dep't of State*, 567 F.3d 408, 418 (9th Cir. 2009) (quoting *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007)).

### III. ANALYSIS

**A.   Plaintiff's § 1983 claim**

Massengale and Travelcenters are not state actors. Plaintiff does not allege that the state was closely involved with the alleged wrongful conduct of Massengale and Travelcenters. Therefore, Plaintiff's claim for violation of his due process rights fails and must be dismissed. *See* U.S. Cost. amend. XIV § 1 ("nor shall any state deprive any person of life, liberty, or property, without due process of law"); *Caviness v. Horizon Cmty. Learning Ctr., Inc.* 590 F.3d 806, 812 (9th Cir. 2010) (state-action element in § 1983 prevents it from reaching private conduct). Furthermore, amendment is clearly futile. No amendment is likely to sustain a § 1983 claim against Massengale and Travelcenters. Therefore, Plaintiff may not amend his federal claim.

Because this was Plaintiff's only federal claim and he does not allege diversity jurisdiction, the Court will dismiss the remaining state-law claims without prejudice. "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

### B.   Nevada Department of Employment

Plaintiff has failed to serve Nevada Department of Employment "DETR". On December 2, 2009, the Clerk of the Court notified Plaintiff that his action would be dismissed against Nevada Department of Employment "DETR" if he does not file proof of service by January 1, 2010. (Notice (#14)). Plaintiff has not provided proof of service. Therefore, all the claims against Nevada Department of Employment "DETR" are dismissed without prejudice. S*ee* Fed. R. Civ. P. 4(m).

### C.   Plaintiff's Motion to Proceed In Prima Facie (#21)

On April 12, 2010, Plaintiff filed a Motion to Proceed In Prima Facie (#21). The purpose of this motion is difficult to comprehend. In any regard, because this Court dismisses the federal claims and declines to retain supplemental jurisdiction over the remaining claims, Plaintiff's motion is moot.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Massengale and Travelcenters' Motion to Dismiss (#9) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's § 1983 claim against Massengale and Travelcenters is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's remaining state-law claims against Massengale and Travelcenters are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's claims against Nevada Department of Employment "DETR" are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion to Proceed In Prima Facie (#21) is DENIED as MOOT.

DATED: This 30th day of April, 2010.

Robert C. Jones
UNITED STATES DISTRICT JUDGE